KING, P.J.,
for the Court:
¶ 1. Kendren Dewayne Cobb was convicted by the Circuit Court of Desoto County, Mississippi of simple assault upon a police officer. The trial court sentenced Cobb to five years in the custody of the Mississippi Department of Corrections but suspended the last three years pending Cobb’s good behavior. Aggrieved by the conviction, Cobb has appealed to this Court and assigned as error the refusal of the trial court to give a lesser-ineluded-offense instruction of simple assault.
¶ 2. Finding no error, this Court affirms."
FACT
¶ 3. On the night of September 10, 1997, Officers Lee Hodge and Jason McKenzie of the Hernando Police Department responded to a disturbance call at a local cafe. Based upon events occurring at the cafe, the officers arrested and handcuffed Cobb for public drunkenness, then transported him to the police station for booking. After this point, Cobb and the officer testified to different versions of events.
¶ 4. These are the subsequent events as related, by Officer Hodge.
¶ 5. Upon arrival at the police station, he removed the handcuffs to book Cobb. Cobb sat down at the booking desk and then suddenly became loud, belligerent and profane towards Hodge. Cobb then raised his fist and lunged at Hodge.
¶ 6. Hodge attempted to contain Cobb and reapply the handcuffs.
¶ 7. The two of them fell to the ground struggling during which time, Hodge’s hand was broken. After a brief struggle Cobb ceased his resistance, stating, “I won’t fight anymore. I won’t fight you any more.”
¶ 8. Hodge testified that Cóbb was the aggressor, and that he, neither said nor did anything to provoke Cobb.
¶ 9. Cobb offers this version of the facts:
¶ 10. Throughout the process of arrest, transportation and booking, he had asked Officer Hodge the reason for his arrest and suggested that the handcuffs were too tight. Officer Hodge was angered by Cobb’s persistent questioning. This annoyance was worsened when Cobb suggested that Officer Hodge acted improperly in arresting only him, when there was another person involved. As Cobb continued to talk, Hodge grew further exasperated and indicated an intent to use pepper spray on Cobb.
¶ 11. Hodge stood up, and Cobb stood up and • displayed his hands in a non-combative position. Hodge then struck Cobb, and knocked him against the wall. Cobb then reached for the officer to preclude a further assault. At no time did Cobb strike Hodge.
ANALYSIS
WHERE THE DEFENDANT IS CHARGED WITH SIMPLE ASSAULT ON A LAW ENFORCEMENT OFFICER, DID THE TRIAL COURT COMMIT REVERSIBLE ERROR IN DENYING THE DEFENDANT’S REQUEST FOR A JURY INSTRUCTION FOR THE LESSER-INCLUDED OFFENSE OF SIMPLE ASSAULT?
¶ 12. Cobb suggests that the actions of Officer Hodge in striking him were not within the scope of his duties, and that accordingly, he should have been entitled to a lesserfincluded instruction on simple assault. Our resolution of this matter does not mandate that we directly address the merits of this alleged error.
¶ 13. A defendant is entitled to any instruction, which correctly states the law, and has a basis in the evidence presented at trial. Fairchild v. State, 459 So.2d 793, 800 (Miss.1984) (citations omitted). A careful reading of Cobb’s evidence, shows that he denied engaging in any action which could be considered a simple assault. There was no foundation in the defense case for a lesser-included instruction on simple assault. A review of the State’s *357 evidence suggests that Cobb was at all times the aggressor, who struck Officer Hodge during the booking process with no provocation.
¶ 14. Between these two extreme views, Cobb was either (1) an innocent victim, who should have been acquitted, or (2) an unprovoked aggressor, who assaulted a police officer performing his duties.
¶ 15. The record is devoid of any evidence upon which a simple assault instruction, as opposed to simple assault upon a police officer, could have been granted. Because there is no evidence to support the granting of a simple assault instruction, there was no error in its refusal.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION OF SIMPLE ASSAULT ON A LAW ENFORCEMENT OFFICER AND SENTENCE OF FIVE YEARS, WITH THE LAST THREE SUSPENDED PENDING GOOD BEHAVIOR, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS TO RUN CONSECUTIVELY WITH SENTENCE IN CR 94-321-R(D) IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.